UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

TAHER SALEEM ALBEITAWI,             Case No.: 8:18-bk-04640-MGW
*AKA TAHER SALEEM ALBERTAWI*         Chapter: 7
*AKA TAHER S LBEITAWI*,
                                               /

       Debtor.
_____

**U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF SW REMIC TRUST 2015-1 BY SELENE FINANCE LP'S THE SERVICING AGENT'S VERIFIED MOTION FOR RELIEF FROM AUTOMATIC STAY**

---

**NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING**

    Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within 21 days from the date set forth on the proof of service, plus an additional three days for service if any party was served by U.S. Mail.
    If you object to the relief requested in this paper, you must file your response with the Clerk of the Court at 801 N. Florida Avenue, 5th Floor, Tampa, Florida 33602 and serve a copy on the movant's attorney, McCalla Raymer Leibert Pierce, LLC, 110 S.E. 6th Street, Suite 2400, Ft. Lauderdale, FL 33301, and any other appropriate persons within the time allowed. If you file and serve a response within the time permitted, the Court may schedule and notify you of a hearing, or the Court may consider the response and may grant or deny the relief requested without a hearing.
    If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

---

U.S. Bank National Association, not in its individual capacity but solely as Trustee of SW REMIC Trust 2015-1, by Selene Finance LP, the servicing agent (the "Secured Creditor"), its successors and/or assigns, as a secured creditor of the bankruptcy estate of Taher Saleem Albeitawi (the "Debtor"), seeks relief from the automatic stay pursuant to 11 U.S.C. § 362(d),

and in support thereof, states as follows:

1. <u>Debtor's Bankruptcy Case</u>. On June 4, 2018, the Debtor filed the above-captioned Chapter 7 bankruptcy case.

2. <u>Jurisdiction</u>. Jurisdiction of this matter is properly before this Court pursuant to 28 U.S.C. § 1334 and Rule 4001(a) of the Federal Rules of Bankruptcy Procedure.

3. <u>The Note and Mortgage</u>. On April 5, 2007, non-filing party, Siham Chegdaly executed and delivered a note (the "Note") in the principal amount of $396,000.00, which is secured by a mortgage (the "Mortgage"). The Mortgage was executed by Siham Chegdaly aka Albeitawi and Taher Albeitawi. The Mortgage is recorded in Official Records Book 7461 at Page 585, of the Public Records of Hillsborough County, Florida. A copy of the Mortgage, together with the Note, and any applicable Assignments and Loan Modification Agreements, are attached hereto as **<u>Exhibit A, B, C and D</u>**.

4. <u>Collateral</u>. Secured Creditor is entitled to enforce the Note and Mortgage, which are secured by the real property (the "Property") located at 1029 Anolas Way, Lutz, Florida 33548-2900 and further described as follows:

> LOT 21, MEADOWVIEW ESTATES, AS PER PLAT THEREOF, RECORDED IN PLAT BOOK 48, PAGES 45 THROUGH 48, OF THE PUBLIC RECORDS OF PASCO COUNTY, FLORIDA.

5. <u>Secured Creditor's Claim</u>. The Debtor owes Secured Creditor an outstanding principal balance of $440,077.48, plus applicable interest, penalties, fees and costs, and has defaulted by failing to make the payment due on February 1, 2011, and all subsequent payments due thereafter.

6. <u>Relief Requested</u>. Secured Creditor requests the entry of an order modifying the automatic stay pursuant to 11 U.S.C. § 362(d) to permit Secured Creditor to enforce all of its <u>in</u>

rem remedies against the Property pursuant to the Note and Mortgage. The requested relief should be granted for the following reasons:

- The Debtor has no equity in the Property, as evidenced by the County Property Appraiser, which lists the value of the Property at $349,513.00. This amount is less than the outstanding amount due to Secured Creditor pursuant to the Note and Mortgage. A copy of the valuation is attached hereto as **Exhibit E**.

- Since the instant case is a Chapter 7 bankruptcy, the Property is not necessary to an effective reorganization;

- Interest continues to accrue; and

- Property taxes continue to accrue.

7. Loss Mitigation. Secured Creditor requests it be permitted to contact the Debtor regarding potential loss mitigation options pursuant to applicable non-bankruptcy law, including loan modifications, deeds in lieu of foreclosure, short sales and/or any other potential loan workouts or loss mitigation agreements.

8. Request for Attorney's Fees and Costs. Secured Creditor requests attorney's fees in the amount of $750.00 and costs of $181.00, as a result of filing the instant motion.

9. Request for Waiver of 14-Day Stay of Relief. Secured Creditor requests that the 14 day stay, pursuant to Fed. R. Bankr. P. 4001(a)(3), be waived.

REMAINDER OF PAGE INTENTIONALLY LEFT BLANK

Wherefore, Secured Creditor requests the entry of an order modifying the automatic stay and for such other and further relief as the Court deems just and proper.

                                          McCalla Raymer Leibert Pierce, LLC

By:     */s/Kevin A. Comer*
          Kevin A. Comer
          Florida Bar No. 55553
          Attorney for Creditor
          110 S.E. 6th Street, Suite 2400
          Ft. Lauderdale, Florida 33301
          Phone: 954-332-9390
          Fax: 954-332-9390
          Email: Kevin.Comer@mccalla.com

## **VERIFICATION**

The undersigned _____**Leslie Leanhart**_____ (name of witness), as the _____**Bankruptcy Manager**_____ (title/position of witness) of Selene Finance LP, the servicing agent for U.S. Bank National Association, not in its individual capacity but solely as Trustee of SW REMIC Trust 2015-1; hereby declares under penalty of perjury that:

(i) I have personal knowledge of the business books and records of Selene Finance LP, the servicing agent for U.S. Bank National Association, not in its individual capacity but solely as Trustee of SW REMIC Trust 2015-1;

(ii) Based on my review of the business books and records of Selene Finance LP, the servicing agent for U.S. Bank National Association, not in its individual capacity but solely as Trustee of SW REMIC Trust 2015-1, the information and allegations set forth in paragraphs 3 through 5 above, are true and correct to the best of my knowledge; and

(iii) The documents attached hereto as **Exhibit A, B, C and D** are true and correct copies of the originals.

_____
Name and Title of Witness
Leslie Leanhart
Bankruptcy Manager

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on __June 27, 2018__, a true and correct copy of the foregoing was served by U.S. Mail, First Class to Taher Saleem Albeitawi, 1029 Anolas Way, Lutz, FL 33548; and those parties receiving CM/ECF service

Carolyn R. Chaney    carolyn.chaney@earthlink.net, FL46@ecfcbis.com
•Stanley J Galewski    stan@galewski.com, jonathan@galewski.com;sylvia@galewski.com;r49953@notify.bestcase.com
• United States Trustee - TPA7/13    USTPRegion21.TP.ECF@USDOJ.GOV

By:    _/s/Kevin A. Comer_
       Kevin A. Comer